# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2154

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Juan Carlos Rivera-Ordaz, also known | * | District Court for the |
| as Juan Carlos Rivera, also known as | * | Southern District of Iowa. |
| Lazaro Rivera, also known as Jose | * | |
| Garcia-Martinez, also known as | * | |
| Ramiro Rivera-Garcia, also known as | * | |
| Carlos Antonio Rivera, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: October 13, 2008
Filed: February 11, 2009

_____

Before LOKEN, Chief Judge, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

Juan Carlos Rivera-Ordaz was indicted on one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). Rivera-Ordaz was convicted by a jury and sentenced to 41 months' imprisonment. On appeal, he challenges the

district court's[1] denial of a reduction in offense level for acceptance of responsibility and argues that the district court improperly viewed the Sentencing Guidelines as mandatory. We affirm.

I.

On October 6, 2007, Juan Rivera-Ordaz, a Mexican national, was booked into the Polk County, Iowa jail. At the time, Rivera-Ordaz stated that he was born in Mexico and currently residing in Des Moines, Iowa. During an interview with a customs officer he also acknowledged that he was not a United States citizen and had entered the United States illegally. The government filed a one count indictment against Rivera-Ordaz for illegal reentry into the United States.

At trial, the government presented evidence of Rivera-Ordaz's two prior deportations, including fingerprint evidence confirming Rivera-Ordaz to be the same person listed on the deportation records. The government also presented evidence of a records search that revealed Rivera-Ordaz had not received permission from the United States Government to apply for reentry. Rivera-Ordaz, through his defense counsel, engaged in cross-examination of all the government's witnesses, sought exclusion of certain evidence, and argued that the government had failed to meet its burden of proof regarding two elements of the crime charged. Rivera-Ordaz also moved for a judgment of acquittal at the close of the government's case. At sentencing, however, Rivera-Ordaz did admit to wrongdoing.

---

[1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

## II.

Rivera-Ordaz appeals the district court's denial of a two-level reduction in offense level under the advisory sentencing guidelines for acceptance of responsibility. See USSG § 3E1.1 (2008). "We review a denial of a reduction for acceptance of responsibility for clear error on the part of the district court." United States v. Canania, 532 F.3d 764, 772 (8th Cir. 2008). In so doing, we are mindful that the burden is on the defendant "to show that [he] 'clearly demonstrated' acceptance of responsibility." Id. The reduction "is not intended to be applied when a defendant puts the United States to its burden of proof at trial by denying the essential factual elements of guilt, then expresses remorse upon conviction at jury trial." Id. (citing USSG § 3E1.1 comment. (n. 2)).

Rivera-Ordaz's argument centers around whether the denial of his request for a reduction for acceptance of responsibility impermissibly punishes him for exercising his constitutional right to a jury trial. He argues that all other things being equal, his advisory Guidelines recommended sentence will be one year longer than if he had pleaded guilty, thus punishing him for exercising his trial rights. Rivera-Ordaz's argument misses the mark. Even a guilty plea does not guarantee a reduction for acceptance of responsibility. See Canania, 532 F.3d at 772-773. Therefore, although Rivera-Ordaz's "decision to proceed to trial did not automatically preclude [him] from consideration for this reduction, . . . that decision plus other relevant factors noted by the district court at sentencing were more than sufficient to support the denial of this reduction." United States v. Petersen, 2009 WL 36826, at * 2 (8th Cir. Jan. 8, 2009) (internal citations omitted). In particular, Rivera-Ordaz called into doubt the factual elements of the crime both during cross-examination and in closing arguments. He did not stipulate to any elements of the offense; and, although he did not take the stand and explicitly deny wrongdoing, the defense was certainly consistent with that of a general denial. Accordingly, the district court did not clearly err in denying Rivera-Ordaz a reduction for acceptance of responsibility.

Finally, Rivera-Ordaz argues that the district court's statement that it was bound by this circuit's precedent and the language of § 3E1.1 in determining that acceptance of responsibility must be "clearly demonstrated" indicates that the district court impermissibly believed that the sentencing Guidelines were mandatory. This argument is without merit. The district court was referring only to its interpretation of the Guidelines, not its ultimate sentencing decision. The record indicates that the district court fully understood the advisory nature of the Guidelines and considered all relevant factors in sentencing Rivera-Ordaz to a Guidelines sentence. The district court did not abuse its discretion.

### III.

For the foregoing reasons, we affirm the sentence imposed by the district court.

_____