# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3464

_____

United States of America,            *
                                      *

        Appellee,            *

                                    *   Appeal from the United States
      v.                      *   District Court for the
                                    *   Eastern District of Missouri.

Raymond L. Clifton,            *

                                    *   [UNPUBLISHED]

        Appellant.         *

_____

Submitted: July 6, 2009
Filed: July 22, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

Raymond Clifton appeals the district court's[1] judgment entered after a jury found him guilty of bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).  The district court sentenced Clifton to a total of 480 months in prison and 3 years of supervised release, and he appeals.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

In a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), Clifton first challenges the admission of eyewitness identification evidence. We conclude that the district court did not err in denying Clifton's motion to suppress the evidence, because the procedures used in obtaining the eyewitness identifications were not impermissibly suggestive or unreliable. <u>See</u> <u>United States v. Jones</u>, 535 F.3d 886, 891 (8th Cir. 2008) (de novo review of denial of motion; witness's identification of defendant is admissible unless it is based upon pretrial confrontation between witness and suspect that is both impermissibly suggestive and unreliable); <u>United States v. Staples</u>, 410 F.3d 484, 487 (8th Cir. 2005).

We also conclude that the district court did not commit clear error at sentencing in denying an acceptance-of-responsibility reduction. Clifton's defense included an attempt to assert a justification defense, which was not tantamount to a constitutional challenge unrelated to the issue of guilt. <u>See</u> <u>United States v. Rivera-Ordaz</u>, 554 F.3d 724, 726 (8th Cir. 2009) (standard of review; defendant must show he clearly demonstrated acceptance of responsibility); <u>cf.</u> <u>United States v. Crumley</u>, 528 F.3d 1053, 1067-68 (8th Cir. 2008) (decision by district court as to whether defendant has accepted responsibility is largely factual question that turns on issues of credibility, and reviewing court will reverse only if decision was clearly erroneous; reduction is generally not appropriate if government goes through burden of proving its case at trial, unless defendant was merely ascertaining viability of issue unrelated to guilt such as constitutional challenge to statute).

Following our independent review of the record under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm the judgment of the district court. We also grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari; and we deny appellant's request for a stay.

_____